UNITED STATES of America, Appellee,

v.

Windale SIMPSON, Defendant–Appellant.

No. 05–6140–cr.

United States Court of Appeals, Second Circuit.

April 13, 2007.

James M. Branden, New York, NY, for Defendant–Appellant.

Katherine Polk Failla, Assistant United States Attorney (Vincent Tortorella, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Defendant-appellant Windale Simpson appeals from the judgment of conviction imposed by the United States District Court for the Southern District of New York (Griesa, *J.*). We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

■ The district court did not err by denying Simpson's second request to have new counsel appointed under the under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(c). The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel. U.S. Const. amend. VI. "This right does not, however, guarantee a 'meaningful relationship' between the defendant and his counsel." *United States v. John Doe # 1*, 272 F.3d 116, 122 (2d Cir.2001) (quoting *Morris v. Slappy*, 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983)). Nor does it provide an unfettered choice of trial counsel. A defendant may therefore be required to select from a limited set of options. *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir.1997). A district court's denial of a motion to substitute counsel is reviewed for abuse of discretion. *John Doe # 1*, 272 F.3d at 122. We consider four factors in evaluating the trial court's exercise of discretion in this regard: (1) the timeliness of the defendant's motion requesting new counsel; (2) the adequacy

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

of the trial court's inquiry into the matter; (3) whether the conflict between the defendant and his attorney was so great that it resulted in a "total lack of communication preventing an adequate defense"; and (4) the extent to which the defendant's own conduct contributed to the communication breakdown. *Id.* at 122–23 (quoting *United States v. Simeonov,* 252 F.3d 238, 241 (2d Cir.2001) (per curiam)). We find no abuse of discretion here, "particularly in light of our examination of the fourth factor and our conclusion, based on the record, that [Simpson] substantially and unjustifiably contributed to the conflict." *Id.* at 125.

■ Nor do we believe that Simpson's waiver of his Sixth Amendment right to counsel was defective. In order for a defendant's waiver of his Sixth Amendment right to counsel to be valid, it must be both intelligent and knowing, with full awareness of the right and the consequences of its waiver. *United States v. Tracy,* 12 F.3d 1186, 1191 (2d Cir.1993). "The determination of whether a defendant's election is knowing and intelligent depends on the particular facts and circumstances of the case, 'including the background, experience, and conduct of the accused.'" *Id.* at 1191–92 (quoting *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (internal quotation marks omitted)). To assist in making this determination, a district court should engage the defendant in an on-the-record colloquy. *Schmidt,* 105 F.3d at 88. This colloquy should include a "full and calm discussion with [the] defendant during which he is made aware of the dangers and disadvantages of proceeding *pro se.*" *United States v. Fore,* 169 F.3d 104, 108 (2d Cir. 1999) (internal quotation marks omitted). While there is no scripted procedure for this colloquy and the particular matters covered will depend on the circumstances of the case, it "normally includes a discussion of 'the nature of the charges, the range of allowable punishments, and the

risks of self-representation.'" *Id.* (quoting *Torres v. United States,* 140 F.3d 392, 403 (2d Cir.1998)).

The district court's colloquy in this case fell rather short of the ideal. It did not clearly convey many of the risks of self-representation, and it might have underestimated the ones it did cover. Moreover, the court discussed some topics that were irrelevant to this particular case. The better approach, we believe, would be to engage in a discussion more closely tailored to the particular facts of the case at hand. Nevertheless, we are satisfied that the record establishes that Simpson's waiver of counsel and decision to proceed *pro se* was knowingly and intelligently made. *See United States v. Maldonado–Rivera,* 922 F.2d 934, 977 (2d Cir.1990) (explaining that "the requirement of such a full and calm discussion ... is not absolute so long as the record plainly reveals that the defendant's choice was knowing and intelligent" (internal quotation marks and citation omitted) (omission in original)).

Simpson's challenges to the district court's jury charge are all unavailing. An erroneous instruction, including one that omits an essential element of the charged offense, is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The evidence against Simpson on all counts was overwhelming, and we have no doubt that a rational jury would have reached the same verdict even if charged differently. Any errors in the charge were therefore harmless.

Finally, there was no constructive amendment of the indictment. "'To prevail on a constructive amendment claim, a defendant must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncer-

tain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment.'" *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (quoting *United States v. Frank*, 156 F.3d 332, 337 (2d Cir.1998) (per curiam)). There is no constructive amendment "where a generally framed indictment encompasses the specific legal theory or evidence used at trial." *Id.* (internal quotations marks omitted). Accordingly, we have consistently permitted "significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." *United States v. Berger*, 224 F.3d 107, 117 (2d Cir.2000) (internal quotation marks omitted).

Simpson's argument on this point is based on the erroneous assumption that "household income" for the purposes of the relevant benefits programs is limited to wages. Yet, as Simpson acknowledges in his brief, the applications "require[ ] that all tenants provide proof of income, whether it is earned or unearned (such as wages, SSI, assets (including real estate and business holdings))." Furthermore, the evidence of which Simpson complains clearly concerned the criminal conduct alleged in the indictment, i.e., making false statements on his applications in order to receive subsidies to which he was not entitled. Because Simpson was provided with fair notice of the "core of criminality" that was proven at trial, the indictment was not constructively amended by the district court's invitation to the jury to consider the full range of the government's proof at trial. *Id.; see also United States v. Dupre*, 462 F.3d 131, 140–41 (2d Cir.2006) (finding no constructive amendment "because the evidence at trial concerned the same elaborate scheme to defraud investors as was described in the indictment," even though "the specific wire transfer mentioned in the 'to wit' clause of the indictment was not proven at trial").

For the foregoing reasons, the judgment of conviction is **AFFIRMED**.